UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH D. BOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:98CV801 RWS |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before me on petitioner's "motion for Rule 60(b) review." I have reviewed the motion and have determined that the factual predicate of the instant motion deals with the validity of petitioner's state conviction. Applications by prisoners that assert a federal basis for relief from a state court judgment of conviction under § 2244(b) must comply with the second or successive restrictions, regardless of how they are labeled. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530 (2005). Thus, if the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction, it should be construed as a second or successive habeas petition. <u>See</u> <u>Peach v. United States</u>, 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012). As a result, I will direct the Clerk to administratively terminate the instant motion and to file it as a new case under 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall administratively terminate petitioner's  "motion for Rule 60(b) review" [Doc. 68].

**IT IS FURTHER ORDERED** that the Clerk shall open petitioner's "motion for Rule 60(b) review" [Doc. 68] as a new civil action under 28 U.S.C. § 2254.

Dated this 21st day of March, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE