UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH D. BOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:98CV801 RWS |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on petitioner's "motion for Rule 60(b) review." I have reviewed the motion and have determined that the factual predicate of the instant motion deals with the validity of petitioner's state conviction. Applications by prisoners that assert a federal basis for relief from a state court judgment of conviction under § 2244(b) must comply with the second or successive restrictions, regardless of how they are labeled. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Thus, if the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction, it should be construed as a second or successive habeas petition. See Peach v. United States, 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012). As a result, I will direct the Clerk to administratively terminate the instant motion and to file it as a new case under 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall administratively terminate petitioner's "motion for Rule 60(b) review" [Doc. 68].

**IT IS FURTHER ORDERED** that the Clerk shall open petitioner's "motion for Rule 60(b) review" [Doc. 68] as a new civil action under 28 U.S.C. § 2254.

Dated this 21st day of March, 2013.

                                                RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE